IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JASON L. GOLKA, | ) | |
| | ) | |
| Petitioner, | ) | 4:11CV3078 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT HOUSTON, | ) | MEMORANDUM OPINION |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on petitioner Jason L. Golka's ("Golka") Amended Petition for Writ of Habeas Corpus ("Amended Petition")[1] (Filing No. 40). Respondent filed an Answer to Golka's original Petition (Filing No. 8), Brief in support of Answer to Petition (Filing No. 9), Reply Brief in response to Golka's Amended Petition (Filing No. 43), and relevant State Court Records (Filing No. 7). Golka filed a Brief in support of his Amended Petition (Filing No. 41). This matter is therefore deemed fully submitted.

In his Amended Petition, Golka asserts the following claims:

> Claim One: Petitioner was denied due process of law and the effective assistance of counsel in violation of the Fifth, Sixth and Fourteenth Amendments because he was sentenced to consecutive life sentences without receiving a pre-sentence

---

[1] Golka filed his original petition with the Court on May 23, 2011 (Filing No. 1). The Court granted him permission to amend on February 2, 2012 (Filing No. 32).

|  |  |
|---|---|
|  | investigation, a right that petitioner did not waive. |
| Claim Two: | Petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment and denied due process of law in violation of the Fifth and Fourteenth Amendments because his counsel improperly advised petitioner to waive his right to a jury trial and to plead guilty. |
| Claim Three: | Petitioner was denied due process of law in violation of the Fourteenth Amendment and denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because when his guilty plea was accepted, he was not informed of the nature of the charges against him and not informed that he was presumed innocent until prove guilty. |
| Claim Four: | Petitioner was sentenced in violation of the Eighth and Fourteenth Amendments because he was sentenced to life in prison for crimes he committed when he was 17 years old. |

(Filing No. 40).

I. Background

On July 13, 2005, Golka was convicted, following his guilty pleas in the District Court of Sarpy County, Nebraska, of two counts of first degree murder (Filing No. 7-12 at pp. 7-13). The Sarpy County District Court thereafter sentenced Golka to serve a prison term of life imprisonment without parole (Filing No. 7-17 at pp. 17-18).

Golka timely filed a direct appeal to the Nebraska Supreme Court in which he alleged that the state district court

erred in (1) finding that his waiver of the right to a presentence investigation was knowingly, voluntarily, and intelligently made; (2) in overruling his challenge to the constitutionality of Neb. Rev. Stat. § 28-105; and (3) in imposing excessive sentences (Filing No. 7-5 at p. 6).  The Nebraska Supreme Court affirmed both counts of first degree murder, but vacated the sentences of "life imprisonment without parole" and remanded the case to the district court with directions to consider the presentence investigation report and to resentence Golka, finding his prior sentences unconstitutional (Filing No. 7-1 at pp. 5-6).

On December 1, 2006, the Sarpy County District Court, upon remand, resentenced Golka to two consecutive life terms of imprisonment (Filing No. 7-16 at pp. 10-11).  Golka never appealed from his resentencing (Filing No. 7-2 at p. 7).  Golka was represented by the same counsel at trial, direct appeal, and resentencing (Filing No. 7-2 at p. 7).

On November 8, 2007, Golka filed a pro se motion for postconviction relief with the Sarpy County District Court, but later, on November 26, 2008, filed an amended motion for postconviction relief through counsel alleging (1) ineffective assistance of trial counsel regarding advice to waive a jury trial; (2) ineffective assistance of trial counsel regarding advice to accept the plea agreement and plead guilty; (3)

ineffective assistance of trial counsel regarding failure to advise of alternate offenses and possible defenses; (4) ineffective assistance of direct appeal counsel for failing to assign as error the failure of the state district court to inform him of the nature of the charges and his right to be presumed innocent; and (5) cruel and unusual punishment regarding his sentences (Filing No. 7-10 at pp. 33-60).  On April 20, 2010, the Sarpy County District Court denied all of Golka's claims without an evidentiary hearing.  (Id. at pp. 66-71.)

Golka appealed to the Nebraska Supreme Court the order of the state district court, alleging that the state district court erred in denying him postconviction relief without an evidentiary hearing on his claims (Filing No. 7-7 at p. 6).  On April 22, 2011, the Nebraska Supreme Court rejected all of Golka's claims and found that the state district court did not err when it denied Golka's amended motion for postconviction relief without an evidentiary hearing (Filing No. 7-2 at pp. 1-17).

Golka filed his pro se, original petition in this Court on May 23, 2011 (Filing No. 1).  Later, Golka retained counsel and was granted leave to amend his petition (Filing No. 32).  Golka's Amended Petition was filed with this Court on February 17, 2012 (Filing No. 40).

-4-

II. Standards of Review

    A.    Standards for Procedural Default

As set forth in 28 U.S.C. § 2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –-
>
> (A)    the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)    (i)    there is an absence of available State corrective process; or
>
>         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

-5-

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief. Id. at 844, 848. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See Akins v. Kenney, 410 F.3d 451, 454-55 (8th Cir. 2005).

In addition, "fair presentation" of a habeas claim in state court means that a petitioner "must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." Carney v. Fabian, 487 F.3d 1094, 1096 (8th Cir. 2007) (quotation omitted). Thus, where a petitioner argued in the state courts only that "the trial court misapplied . . . state statutes and case law," the claim is not properly raised and may be procedurally defaulted. Id.; see also Rucker v. Norris, 563 F.3d 766, 771 (8th Cir. 2009) (finding claim was procedurally barred where the petitioner failed to raise his federal due process claim and "cited no federal authority" in the state courts).

> Moreover, where:
>
>> no state court remedy is available for the unexhausted claim -- that is, if resort to the state courts would be futile -- then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.

Armstrong v. Iowa, 418 F.3d 924, 926 (8th Cir. 2005) (quoting Gray v. Netherland, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. Akins, 410 F.3d at 455 n. 1.

Under Nebraska law, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." Hall v. State, 646 N.W.2d 572, 579 (Neb. 2002) (citation omitted). In such circumstances, a federal habeas court is "precluded from reaching the merits of the claim." Shaddy v. Clarke, 890 F.2d 1016, 1018 (8th Cir. 1989); see also Greer v. Minnesota, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is

barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted). Where a claim has been procedurally defaulted, however, a petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. Akins, 410 F.3d at 455 n. 1.

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law. Id. Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999); see also Bell v. Attorney Gen. of the State of Iowa, 474 F.3d 558, 561 (8th Cir. 2007) ("A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner." (citation omitted)).

B. Standards for Review of Habeas Claims on the Merits

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts and the law. See 28 U.S.C. § 2254(d). With regard to the deference

owed to factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  In addition, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

Further, section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable."  Rousan v. Roper, 436 F.3d 951, 956 (8th Cir. 2006) (citation omitted).

Put simply, "[i]f this standard is difficult to meet, that is because it was meant to be."  Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 786 (2011).  The deference due to state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree

that the state court's decision conflicts with [Supreme Court] precedents." Id. In short, "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. This high degree of deference only applies where a claim has been adjudicated on the merits by the state court. See Brown v. Luebbers, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit has clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court. . . . Accordingly, the postconviction trial court's discussion of counsel's performance -- combined with its express determination that the ineffective-assistance claim as a whole lacked merit -- plainly suffices as an adjudication on the merits under AEDPA.

Worthington v. Roper, 631 F.3d 487, 496-97 (8th Cir. 2011) (quotations and citations omitted). The court also determined that a federal district court reviewing a habeas claim under

AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts." Id. A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." Id. (citation omitted).

    C.   The Strickland Standard

Claims of ineffective assistance of counsel are reviewed under the two-pronged standard of Strickland v. Washington, 466 U.S. 668, 694 (1984). Strickland requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. Id. at 687; see also Bryson v. United States, 268 F.3d 560, 561 (8th Cir. 2001).

The first prong of the Strickland test requires the petitioner to demonstrate that his attorney failed to provide "reasonably effective assistance". Strickland, 466 U.S. at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; see also Hubbeling v. United States, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the

attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test.  United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting Cheek v. United States, 858 F.2d 1330, 1336 (8th Cir. 1988)).

In addition, the Supreme Court has emphasized that the deference due to the state courts applies with vigor to decisions involving ineffective assistance of counsel claims.  Knowles v. Mirzayance, 556 U.S. 111 (2009) (reversing the Ninth Circuit Court of Appeals and holding that the decision of the California Court of Appeals, that the defendant was not deprived of effective assistance of counsel when his attorney recommended withdrawing his insanity defense during second phase of trial, was not contrary to or an unreasonable application of clearly established federal law; also concluding, among other things, that there was no reasonable probability that, but for counsel's alleged unprofessional error, the result of the proceeding would have been different).

In Knowles, the Justices stressed that under the Strickland standard, the state courts have a great deal of "latitude" and that "leeway" presents a "substantially higher threshold" for a federal habeas petitioner to overcome.  Thus:

> The question "is not whether a federal court believes the state court's determination" under the Strickland standard "was incorrect but whether that determination was unreasonable -- a substantially

> higher threshold." And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

Id. at 123 (citations omitted).

III. Analysis

    A. Claim One

Golka claims that he was denied due process of law and the effective assistance of counsel in violation of the Fifth,سixth and Fourteenth Amendments because he was sentenced to consecutive life sentences without receiving a presentence investigation, a right that Golka claims he did not waive (Filing No. 40 at p. 1). After Golka was resentenced by the Sarpy County District Court with directions from the Nebraska Supreme Court to consider presentence investigation report, Golka did not appeal his new sentence, and he did not raise this claim in his amended postconviction motion before the Sarpy County District Court or in his brief on postconviction appeal to the Nebraska Supreme Court. Thus, Golka has not exhausted his remedies available in the state courts on this claim. Although Golka disagrees with this contention, he has failed to argue why this procedural default should be excused. The Court finds this claim is procedurally defaulted.

B. Claim Two

Golka claims that he was denied effective assistance of counsel in violation of the Sixth Amendment and was denied due process of law in violation of the Fifth and Fourteenth Amendments because his counsel improperly advised him to waive his right to a jury trial and to plead guilty (Filing No. 40 at pp. 1-2). Golka did not raise the federal due process portion of this claim on direct appeal or on his postconviction motion for relief. Thus, Golka has not exhausted his remedies available in the state courts on the federal due process portion of this claim. Although Golka disagrees with this contention, he has failed to argue why this procedural default should be excused. The Court finds the federal due process portion of this claim is procedurally defaulted.

Furthermore, the Court finds Golka's ineffective assistance of counsel claims are without merit. Golka's counsel did not improperly advise him to waive his right to a jury trial and to plead guilty. The Nebraska Supreme Court found:

> There is nothing in the postconviction motion or record which suggests that the trial counsel interfered with Golka's freedom to decide to waive a jury trial, and the colloquy in the court at the jury trial waiver hearing is to the contrary. The alleged statements of trial counsel regarding the relative merits of trying a case to the court as opposed to a jury were commonplace

-14-

> considerations and did not
> constitute unreasonable advice so
> as to vitiate the knowing and
> intelligent waiver of the right to
> a jury trial.

Filing No. 7-2 at pp. 9. This Court has conducted its own review of the record in this case, and is in agreement with the Nebraska Supreme Court. Nothing in the record suggests Golka's counsel interfered with Golka's freedom to decide to waive a jury trial or that Golka's counsel improperly advised him on the matter.

The Nebraska Supreme Court similarly found:

> As reflected in the record of the
> plea hearing, Golka specifically
> denied that any promises had been
> made to induce his plea and he
> indicated that he was not subjected
> to any threats, promises, or other
> inducements. He also expressed his
> understanding that life
> imprisonment was the maximum
> possible penalty which the court
> could impose . . . . Golka claims
> that he pled guilty based on
> counsel's promise of parole and
> that but for that advice, he would
> have insisted on going to trial
> . . . . The records and files
> contradict this claim and
> affirmatively show that he is not
> entitled to relief.

Filing No. 7-2 at pg. 13. The Court is satisfied based upon the records of this case that Golka's counsel did not improperly advise him to plead guilty, as Golka testified before the sentencing Court. Golka has failed to establish his counsel's performance was deficient. Thus, Golka was not denied effective

assistance of counsel in violation of the Sixth Amendment regarding his decision to waive his right to a jury trial and to plead guilty.

### C. Claim Three

Golka claims that he was denied due process of law in violation of the Fourteenth Amendment and denied effective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendments because when his guilty plea was accepted, he was not informed of the nature of the charges against him and not informed that he was presumed innocent until proven guilty, and his appellate counsel did not raise these issues on appeal (Filing No. 40 at p. 2). Golka did not present the due process portion of this claim on direct appeal or on his postconviction motion for relief. Thus, Golka has not exhausted his remedies available in the state courts on the federal due process portion of this claim. Although Golka disagrees with this contention, he has failed to argue why this procedural default should be excused. The Court finds the federal due process portion of this claim is procedurally defaulted.

As to Golka's claim of ineffective assistance of appellate counsel, the Nebraska Supreme Court found,

> We believe that generally, where the defendant is properly advised of his rights during the proceedings, the plea is a voluntary and intelligent choice

> . . . . Taking the arraignment and the plea hearing together, the record shows that Golka was properly advised of the nature of the charges and his understanding thereof.
>
> With respect to the presumption of innocence, at the arraignment, Golka was advised that he was presumed to be innocent and that this "presumption of innocence continues throughout the proceeding unless and until the State meets its burden of proof" . . . . Because Golka received the proper necessary advisements, appellate counsel did not fail to raise issues related thereto on appeal."

Filing No. 7-2 at p. 16.

Thus, as the record reflects Golka was aware of both the nature of his charges and that he was deemed innocent until proven guilty, his counsel did not err in failing to address such issues on appeal. This Court is satisfied that the record of this case shows there is no merit to Golka's claim of ineffective assistance of appellate counsel. Golka has failed to establish his appellate counsel's performance was deficient. Thus, Golka was not denied effective assistance of appellate counsel in violation of the Sixth Amendment regarding counsel's assignment of errors on appeal.

### D. Claim Four

Golka claims that he was sentenced in violation of the Eighth and Fourteenth Amendments because he was sentenced to life

in prison for crimes he committed when he was seventeen years-old (Filing No. 40 at p. 2). The Nebraska Supreme Court rejected this claim on state procedural grounds:

> [W]e believe that Golka's allegations are conclusory and that he has alleged no facts in his postconviction motion upon which we could conclude that his life sentences for first degree murders constitute cruel and unusual punishment under the federal or state constitution. It is axiomatic that if a motion for postconviction relief alleges only conclusions of fact or law, no evidentiary hearing is required. State v. McGhee, 280 Neb. 588, 787 N.W.2d 700 (2010). An evidentiary hearing was not warranted on this issue, and the district court did not err when it so ruled.

(Filing No. 7-2 at p. 17). That the Nebraska Supreme Court also addressed Graham v. Florida, 130 S.Ct. 2011 (2011) and its progeny, as Golka points out, is of no relevance. See Harris v. Reed, 489 U.S. 255, 264 n. 10 (1989) (noting that a state court may address the merits in an alternative holding without fear of federal habeas review when the state court explicitly invokes a state procedural bar as a separate basis for decision). Thus,

Claim Four is procedurally defaulted. A separate order will be entered in accordance with this memorandum opinion.

DATED this 9th day of July, 2012.
BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court